**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
|     Joseph Walker, | : | |
|         Debtor. | : | Bankruptcy No. 19-12097-MDC |
| | : | |
| Joseph Walker, | : | |
| | : | |
|         Plaintiff, | : | |
|   v. | : | Adversary No. 19-00228-MDC |
| M&T Bank, | : | |
| | : | |
|         Defendant. | : | |
| | : | |

# **O R D E R**

**AND NOW**, on March 13, 2020, Joseph Walker (the "Plaintiff") filed the *Amended Complaint to Determine Extent and Validity of Lien Held by M&T Bank and Objecting to Amended Proof of Claim of M&T Bank Claim #3-2 and to Enforce Debtor's Right to a FHA HAMP Loan Modification Under the Provisions of the Note and Mortgage and the Applicable HUD Regulations and Handbook* (the "Amended Complaint").[1]

**AND**, on March 26, 2020, M&T Bank (the "Defendant," and together with the Plaintiff, the "Parties") filed the *Amended Motion of Defendant, M&T Bank, to Dismiss Plaintiff's Complaint Under Federal Rules of Civil Procedure 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted Made Applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure or, in the Alternative, Amended Motion for Summary Judgment Pursuant to Federal

---

[1] Bankr. Docket No. 17.

*Rules of Civil Procedure 56 Made Applicable by Rule 7056 of the Federal Rules of Bankruptcy Procedure* (the "Motion to Dismiss" or the "Motion for Summary Judgment," as applicable).[2]

**AND**, on April 27, 2020, the Plaintiff filed the *Debtor's Answer to Motion of M&T Bank to Dismiss Plaintiff's Amended Complaint or in the Alternative Motion for Summary Judgment* (the "Answer").[3]

**AND**, on June 12, 2020, the Defendant filed the *Supplemental Brief of Defendant, M&T Bank, in Response to Debtor's Answer to M&T's Motion to Dismiss Plaintiff's Amended Complaint* (the "Supplemental Brief").[4]

**AND**, on June 30, 2020, the Court held a hearing on the Motion to Dismiss and Motion for Summary Judgment (the "Hearing").

**AND**, the Court has considered the Amended Complaint, the Motion to Dismiss, the Motion for Summary Judgment, the Answer, the Supplemental Brief, and the arguments of the Parties at the Hearing.

It is hereby **ORDERED** and **DETERMINED** that:

1.  The Motion to Dismiss is **DENIED**; provided, however, that within 14 days of the date of this Order, the Plaintiff shall file a second amended complaint (the "Second Amended Complaint") asserting factual allegations regarding the additional security the Debtor believes the Defendant holds to secure its mortgage on the Debtor's primary residence, as alleged in paragraph 18 of the Amended Complaint.

2.  The Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**:

---

[2] Bankr. Docket No. 19.

[3] Bankr. Docket No. 24.

[4] Bankr. Docket No. 27.

      A.    Summary judgment is **GRANTED** in favor of the Defendant with respect to the claim in the Amended Complaint seeking an order compelling the Defendant to enter into an FHA HAMP loan modification with the Plaintiff, as this Court lacks jurisdiction to grant such relief.  *See Suntrust Mortg., Inc. v. Gordon (In re Gordon)*, 2010 Bankr. LEXIS 6395, at *4-*5 (Bankr. S.D. Ga. Sept. 30, 2010) (finding no authority for the proposition that a bankruptcy court has the authority to regulate or to oversee loan modification programs); *In re Yarbrough,* 490 B.R. 328, 330 (Bankr. S.D. Ohio 2013) (finding the court had the authority, in connection with its authority to oversee a debtor's efforts under a confirmed plan, to compel a lender to review the debtor's loan modification application, but drawing a distinction between that authority and authority to compel the lender to approve the loan modification).

      B.    Summary judgment is **DENIED** with respect to the remaining claims in the Amended Complaint, as there are disputed issues of material fact.

3.    Nothing in this Order bars either Party from moving to dismiss or for summary judgment based upon the allegations set forth in the Second Amended Complaint, once filed.

Dated: July 16, 2020

                                                 MAGDELINE D. COLEMAN
                                                 CHIEF U.S. BANKRUPTCY JUDGE

Irwin L. Trauss, Esquire
Philadelphia Legal Services
718 Arch Street, Suite 300 N
Philadelphia, PA 19106

Rebecca A. Solarz, Esquire
KML Law Group, P.C.
BNY Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532