**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: Joseph Walker | : | CHAPTER 13 |
| Debtor | : | BANKRUPTCY NO.19-12097 |
| Jospeh Walker | | |
| Debtor | : | Adv. #19-00228 |
| v. | | |
| M&T Bank | : | |
| | : | |

**SECOND AMENDED COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIEN HELD BY M&T BANK AND OBJECTING TO AMENDED PROOF OF CLAIM OF M&T BANK CLAIM #3-2 FILED PURSUANT TO COURT ORDER DATED JULY 16, 2020 AND ENTERED THE SAME DATE**

INTRODUCTION

1.  The instant Second Amended Complaint is filed by the debtor pursuant to the Order of this Court entered July 16, 2020 and entered the same date (Doc #30), granting Summary Judgment against Plaintiff on Plaintiff's claim for relief seeking a FHA HAMP loan modification and permitting Plaintiff to amend his claim for relief under §§506(a) and 506(d) of the Bankruptcy Code.  This Second Amended Complaint is also filed pursuant to  Bankruptcy Rules 3001(c)(1),3007(b) and 7001 and pursuant to 11 U.S. §§502(b)(1) to object to the proof of claim of M&T Bank to determine the extent and validity of the lien asserted by M&T Bank in its proof of claim, pursuant to 11 U.S.C. §506(a) to determine the extent to which that claim is an allowed secured claim and the extent to which it is an allowed unsecured claim.  Debtor seeks a determination, pursuant to 11 U.S.C.

§506(d), that any lien held by M&T Bank is void to the extent it does not secure an "allowed secured claim". Given the Court's ruling, Debtor has removed from the Second Amended Complaint the prayer for an order compelling Defendant to enter into a FHA HAMP loan modification as required by the applicable HUD regulations, HUD Handbook and the provisions of the mortgage upon which Defendant bases its secured claim.

## JURISDICTION

2. Jurisdiction over this matter is conferred upon this court by 28 U.S.C. §§1334 and 157(a). This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2),(A) (B) (C), (K), and (O). **Plaintiff consents to the Bankruptcy Court rendering a final decision on this adversary**.

## PARTIES

3. Joseph Walker, the plaintiff herein, is a natural person and the debtor in the above captioned voluntary chapter 13 proceeding.

4. Defendant M&T Bank is a national bank created under the laws of the United States of America with a place of business at One Fountain Plaza, Buffalo, NY 14203.

5. M&T Bank has filed a proof of claim in the underlying above captioned bankruptcy case in which it indicated that notices concerning the proof of claim be sent to M&T Bank at P.O. Box 840, Buffalo, NY 14240-0840.

**FACTS**

6. Debtor filed the above captioned voluntary Chapter 13 Bankruptcy on April 1, 2019.

7. M&T Bank has filed an original proof of claim, Claim # 3-1, on June 10, 2019, a Notice of Postpetition Mortgage Fees, on July 21, 2019 and an Amended Claim 3-2 on December 17, 2019. A copy of the Amended Proof of Claim 3-2 with the attachments is attached hereto "Exhibit A."

8. In the proof of claim M&T Bank asserts a total debt claim against Debtor based on a Note and Mortgage in the amount of $198,170.83. The original proof of claim asserted a total debt claim in the amount of $175,839.58.

9. The amended proof of claim asserts a claim for pre-petition mortgage arrears in the amount of $133,707.50, in contrast to the $111,376.25 asserted in the original.

10. The claim is based on a Mortgage and a Note in favor M&T Mortgage Corporation dated May 02, 2003, in the original amount of $69,351.00 and signed by Joseph Walker and Tina Sloan. The Note and Mortgage relied upon by M&T Bank are attached as exhibits to the original proof of claim.

11. The Note and Mortgage are FHA insured, the requirements of the controlling HUD regulations and HUD guidelines and the HUD Handbook are expressly incorporated into the provisions of the

Note and Mortgage and bind any entity, including M&T Bank, attempting to enforce the Note and Mortgage.

12. The property securing the Note is "6715 Haverford Avenue, Philadelphia, PA 19144(sic)" (The Property).

13. 6715 Haverford Avenue is real property within the meaning of the law in Pennsylvania and actually consists of two parcels of land.

14. 6715 Haverford Avenue, as described in the description found in the deed to the property and in the description contained in the security instrument, includes the building located on the parcel identified as 6715 Haverford Avenue as well as a parcel of land at that known as "Rear of 6715 Haverford Avenue." The description of the real property in which the security instrument relied upon by M&T Bank creates an interest is found in Part 4 of Claim 3-2, the amended proof of claim filed by M&T Bank at page 5 of 12. See Exhibit A attached hereto.

15. That description contains the metes and bounds for two plots of land designated "Premises 'A', known as 6715 Haverford Avenue" and Premises 'B' known as Rear of 6715 Haverford Avenue.

16. Both plots constitute real property.

17. The two plots of ground are not contiguous, but are separated from one another by a 10 foot wide driveway.

18. Mr. Walker resides with Tina Sloan and their daughter in the residential structure located on Premises A - which is

4

identified in the City records as Parcel No. 64 N. 12-40.  No part of the residential structure in which in which Mr Walker resides is on premises B - which is identified in the City records as Parcel No. 64 N 12-88.

19.  As can be seen from the description in the deed and in the mortgage document, Premises A includes "the ground with the buildings and improvements thereon erected."

20.  Premises B consists solely of "that certain lot or piece of ground" with no building or improvements thereon.

21.  The residential structure in which Debtor resides is attached to the real property identified as Premises A.

22. Premises A and Premises B both constitute real property under applicable Pennsylvania law.

23.  Premises B is not property "commonly conveyed with a principal residence in the area where the real property [in which debtor resides] is located.

24. Pursuant to 11 U.S.C. §506(a) to the extent M&T Bank is the holder of an allowed claim in any amount, the claim cannot under any circumstances be an allowed secured claim, within the meaning of 11 U.S.C. §506(a), 506(d) and 1325(a)(5) in an amount in excess of $53,250.00.

25. Debtor is the owner of a 1/2 interest in the Property as a joint tenant with right of survivorship with Tina Sloan.

26. The Property, consisting of the two plots of land, the one containing the building in which Debtor resides and the other consisting of unimproved land, not contiguous to Debtor's home, has a fair market value of $108,500.000.

27. Debtor does not reside on Premises B which is unimproved land.

28. The value of Debtor's ½ interest in the Property, consisting of the two plots of land, is ½ that amount or $54,250.00.

29. There are liens on Debtor's interest in the property senior to that of the Mortgage totaling $1,000.00.

30. The value of Debtor's interest in the Property subject to the mortgage is $53,250.00

31. M&T's claim is secured by an interest in property, that is not real property, in addition to the real property that is 6715 Haverford Avenue. i

32. Specifically, the mortgage document upon which M & T relies creates an escrow account into which Debtor and the co-signor of the note are to make deposits until the debt reflected by the note and secured by the mortgage are paid in full.

33. The funds in this account are the personal property of the Debtor and of Tina Sloan, the co-signor of the note.

34. The funds in this account are not real property under applicable Pennsylvania Law.

35. These Funds are referred to in paragraph 2 of the mortgage as "Escrow Funds."

36. The last paragraph of paragraph 2 of the security instrument which secures the claim filed by M&T Bank provides: "The Escrow Funds are pledged **as additional security** for all sums secured by this Security Instrument." (emphasis added).

37. The security instrument upon which M&T bank relies in asserting its claim that it is the holder of an allowed secured claim, is part of the amended proof of claim filed by M&T Bank which is attached hereto as Exhibit A. The security instrument is Part 4 of the proof of claim, Claim #3-2, and the language providing that the Escrow Funds are pledged as additional security is found on page "6 of 12" in the paragraph just above paragraph 3 on that page.

38. In addition, the claim filed by M&T Bank is also secured by a security interest in real property which is not Debtor's principal residence.

39. The security agreement represented by the mortgage creates a security interest in Premises B, which is not Debtor's principal residence, as well as in Premises A, which is.

40. The proof of claim filed by M&T Bank must be bifurcated into its secured and unsecured components and disallowed as an allowed secured claim to the extent the claim exceeds $53,250.00.

41. This bifurcation is dictated by the provisions of 11 U.S.C. §506(a) and must take place in determining and allowing or disallowing M&T's proof of claim without regard to the consequences of the bifurcation in determining the confirmability of Debtor's proposed chapter 13 plan, See *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 328, 113 S. Ct. 2106, 2110, 124 L.Ed.2d 228, 234 (1993)("Petitioners were correct in looking to § 506(a) for a judicial valuation of the collateral to determine the status of the bank's secured claim.)

42.  Pursuant to 11 U.S.C. §506(a) to the extent M&T Bank is the holder of an allowed claim in any amount, the claim cannot under any circumstances be an allowed secured claim, within the meaning of 11 U.S.C. §506(a), 506(d) and 1325(a)(5) in an amount in excess of $53,250.00.

43. The note and mortgage upon which M&T Bank bases its proof of claim were modified pursuant to a Loan Modification Agreement dated August 17, 2005 and recorded with the Philadelphia Department of Records on September 15, 2005.  A copy of this Loan Modification Agreement is attached hereto as Exhibit "B".

44. M&T Bank failed to reference this Modification Agreement in its proof of claim or to attach a copy of the document to its proof of claim, in violation of F.R.B.P. 3001(a)(1) and c(2)(C) and official form 410 part 9.

45. On or about June 20, 2008 M&T Bank filed a complaint in mortgage foreclosure against Debtor and the co-owner of the Property Tina Sloan in the Philadelphia Court of Common Pleas.

46. The case was captioned *M&T Bank v Sloan* et al, June Term 2008 # 03436. (hereinafter "the 2008 Foreclosure")

47. In response to the complaint the defendants in the 2008 Foreclosure filed a counterclaim.

48. The 2008 foreclosure was amicably resolved on or about February 11, 2014 and the claims and counterclaims were discontinued.

49. As part of the agreement settling the 2008 Foreclosure, M&T Bank agreed to remove from Debtor's account all fees and costs accrued prior to the February 11, 2014 date of settlement of the case.

50. M&T Bank has attached to its amended proof of claim official Form 410-A which shows how both the total proof of claim and the arrears proof of claim were arrived at.  See Exhibit A - Claim 3-2 Part 2.

51. In addition, M&T Bank has attached to its amended proof of claim a document entitled Annual Escrow Account Disclosure Statement dated 4/09/2019. Claim 3-2, Part 3.

52. The information in the Form 410-A and in the Escrow Disclosure Statement do not support either the total debt claim asserted by M&T Bank or the claim for arrears asserted by M&T Bank.

53. Both the total debt claim and the claim for arrears include a sum $31,602.56. In the total debt claim this amount is characterized as "Fees, Costs Due." In the arrears claim this is characterized as "Pre-petition fees due."

54. In both cases this sum is drastically overstated.

55. The total debt claim includes $2,470.38 in late fees which are not due an payable under applicable state law after a debt has been accelerated and when interest is accrued from the date of an alleged default.

56. Charging both a late fee and interest on the unpaid principal is double charging.

57. The total debt claim includes 45 charges for alleged "property inspections" for a total charge of $646.00.

58. Most of these, "inspections" never occurred. Those that did occur took place while Debtor was actively in communication with M&T Bank or its attorney and while he was actively resisting its attempts to foreclosure his home.

59. These inspections, and the charges for them were unnecessary and not chargeable to Debtor under the applicable HUD hand book and regulations which limit what costs can be charged Debtor on a FHA insured mortgage.

60. The Total Debt Claim includes $26,988.75 in attorney fees.

61. The maximum charge for a complete foreclosure under the applicable HUD guidelines is $2,500.00.

62. The fees set forth in the form 410-A are in excess of what is permitted by the HUD guidelines, incorporated into the Note and Mortgage.

63. They are also not reasonable as required by both the provisions of Act 6 of 1974, by the provisions of the mortgage itself and by common law.

64. The fees are also duplicative and in some cases include charges for work that was unnecessary or not done.

65. The total debt claim also included $1,523.45 in purported foreclosure costs.

66. $325.00 of this cost was for duplicative "Cost of title".

67. In total, the "Fees and Costs" set forth in the total Debt Claim are overstated by $**28,803.58**.

68. In addition the total debt claim included an alleged escrow deficiency in the amount of **$31,573.47**.

69. This amount is not supported by the escrow analysis attached as an exhibit to the proof of claim.

70. The analysis shows an escrow surplus based on the "actual balance shown as of "Apr 2019" in the amount of $1,774.16.

71. As a result, the total debt claim is overstated by **$60,377.05.**

72. For this reason the total debt claim must be disallowed to the extent it exceeds **$137,793.80** (which is the sum of $198,170.83 - $60,377.05).

73. The total pre-petition arrearage must be reduced by almost all the sums that must be deducted from the total debt claim, except $501.96 in late fees that came due after February 11, 2014.

74. The late fees prior to February 11, 2014 were not due and owing as charges that were eliminated in settlement of the 2008 Foreclosure.

75. In addition, the claimed pre-petition arrearage included a "projected escrow shortage in the amount of **$391.40,** when the escrow analysis showed and "actual" surplus in the amount of **$1,774.14.**

76. Thus the cure amount is overstated by **$60,266.49** and must be reduced by that amount.

77. For this reason the claim for the pre-petition arrearage claim must be disallowed to the extent it exceeds **$73,441.01** (which is the sum of $133,707.50 - $60,266.49).

78. The HUD regulations and applicable handbook are explicitly incorporated by reference into the mortgage by paragraph 9(d) of the mortgage.

**WHEREFORE,** Plaintiff prays this court to:

(a) disallow the proof of claim filed by Defendant M&T Bank as an allowed secured claim in any amount in excess of **$53,250.00;**

(b) Determine any lien M&T Bank may have on Debtor's 1/2 interest in his home as a joint tenant with the right of survivorship to be void, pursuant to 11 U.S.C. §506(d) to the extent it secures a claim which is not an allowed secured claim within the meaning of 11 U.S.C. §506(a);

(c) Disallow the total debt claim as an allowed claim to the extent it exceeds **$137,793.80;**

(d) Disallow the claim for pre-petition arrears to the extent it exceeds **$73,441.01;** and

(e) Pursuant to F.R.B.P. 3001(D)(i) reduce the total debt claim and the claim for pre-petition arrearage further to the extent the claims include interest on capitalized arrears that was permitted only because of the Loan Modification agreement which M&T Bank failed to attach to its proof of claim;

(f) Grant such other relief as may be necessary or proper under applicable law including attorney fees pursuant to F.R.B.P. 3001(D)(ii).

Respectfully submitted,

/s/ Irwin Trauss
Irwin Trauss, Esquire
PHILADELPHIA LEGAL ASSISTANCE CENTER
718 Arch Street, Suite 300N
Philadelphia, PA 19102
(215) 981-3811
(215) 981 3870 (fax)
itrauss@philalegal.org