# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Joseph Walker, | : | |
| Debtor. | : | Bankruptcy No.  19-12097-**MDC** |
| _____ | | |
| Joseph Walker, | : | |
| Plaintiff, | : | |
| v. | : | Adversary No.  19-00228 |
| M&T Bank, | | |
| Debtor. | : | |
| _____ | | |

## **PRETRIAL SCHEDULING ORDER**

**AND NOW**, this 19th day of November 2020, the plaintiff having filed an adversary proceeding and the defendant having filed a responsive pleading, it is hereby **ORDERED** that:

1.  On or before **December 10, 2020**, the parties shall comply with Fed. R. Bankr. P. 7007.1, if the rule is applicable thereto, and the required disclosure statement has not yet been filed.

2.  On or before **December 10, 2020**, the parties shall submit to chambers a joint statement indicating whether they consent to participate in the court-annexed mediation program. The joint statement may include up to three suggested mediators from the list of certified mediators, which list may be obtained from the Clerk.  If the joint statement contains no suggested mediator(s), then the Court will choose one.

3.  On or before **December 10, 2020**, counsel shall have held and concluded the mandatory discovery conference pursuant to Fed. R. Civ. P. 26(f), incorporated into these proceedings by Fed. R. Bankr. P. 7026.  During said conference, the parties shall consider, as

part of their deliberations on how to proceed with discovery (including electronic discovery), the discovery and pretrial schedule detailed in paragraph 6 below in this Order.

4. **Within fourteen days of the conclusion of the parties' discovery conference**, should the parties propose a discovery or pretrial schedule that _differs from the one below_, they shall file with the Bankruptcy Court a report on discovery as mandated by Fed. R. Civ. P. 26(f). The parties shall detail those differences in their Rule 26(f) report, along with the reasons therefore. The Court may, when appropriate, order a hearing based upon the information found in the Rule 26(f) report. If the parties are in agreement with the discovery schedule as outlined herein, no report need be filed unless there are objections to the initial discovery disclosures.

5. **Within fourteen days after the conclusion of the Rule 26(f) conference**, the parties shall provide the initial disclosures detailed in Fed. R. Civ. P. 26(a)(1). Any objections to the initial discovery disclosures required by Fed. R. Civ. P. 26(a)(1) shall be clearly raised in a Rule 26(f) report.

6. The following discovery and pretrial schedule shall be considered by the parties in their deliberations at their discovery conference:

   A. All discovery shall be completed on or before **February 17, 2021**.

   B. All expert witnesses shall be identified and a copy of each expert's report shall be provided to every other party, in accordance with Fed. R. Civ. P. 26(a)(2) on or before **January 18, 2021**.

   C. All motions to amend the pleadings or for summary judgment shall be filed on or before **March 19, 2021**.

   D. All discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(3) shall be served on opposing parties and filed with the bankruptcy court on or before **April 2, 2021**.

   E. Any objections to the Rule 26(a)(3) disclosures shall be served on opposing parties and filed with the bankruptcy court on or before **April 16, 2021**.

    F.    On or before **May 16, 2021**, the parties shall file a joint pretrial statement consistent with the form set forth in paragraph 7 below and file a copy with chambers. The joint pretrial statement shall be signed by all counsel. It is the obligation of the plaintiff's counsel to initiate, assemble and submit the proposed pretrial statement. Plaintiff's counsel shall submit a proposed joint pretrial statement to defendant's counsel not less than 7 days prior to the deadline for its submission.

    Counsel are expected to make a diligent effort to prepare a proposed pretrial statement in which will be noted all of the issues on which the parties are in agreement and all of those issues on which they disagree. The proposed pretrial statement shall supersede all pleadings in the case. Amendments will be allowed only in exceptional circumstances and to prevent manifest injustice.

    G.    All motions *in limine* shall be filed on or before **May 16, 2021**.

7.    The joint pretrial statement shall be in the following form:

    A.    <u>Basis of jurisdiction</u>. A statement setting forth the basis of jurisdiction and whether the matter is core or noncore. If the matter is noncore, the parties shall state whether they consent to the Court's entry of a final order pursuant to 28 U.S.C. § 157(c)(2). If the parties disagree, they shall each cite to relevant authority to support their positions.

    B.    <u>Statement of uncontested facts</u>. A statement of the uncontested facts.

    C.    <u>Statement of facts which are in dispute</u>. A statement of the facts in dispute. No facts should be disputed unless opposing counsel expects to present contrary evidence on the point at trial, or genuinely challenges the fact on credibility grounds.

    D.    <u>Damages or other relief</u>. A statement of damages claimed or relief sought. A party seeking damages shall provide, for each cause of action being pursued: (a) a detailed description of each item of damages claimed; (b) the legal authority for such damages and (c) the specific amount of damages claimed. A party seeking relief other than damages shall, for each cause of action being pursued, list the exact form of relief sought with precise designation of persons, parties, placed and things expected to be included in any order for relief and the legal authority for such relief.

    E.    <u>Legal issues</u>. For the causes of action being pursued, identify the following: (i) the constitutional, statutory, regulatory and decisional authorities being relied upon for each cause of action; (ii) the elements which must be satisfied to prevail on each cause of action; and (iii) which party bears the burden of proof on each element. Also list any additional legal issues (*e.g.*, affirmative defenses) that will be relevant to the court's

          disposition of the matter, the authority pertinent to each legal issue, and the party which bears the burden on the issue.

    F.    <u>Witnesses</u>.  A list of witnesses in the order in which they will be called, along with a brief statement of the evidence the witness will give. Witnesses shall be classified between those whom any party expected to present and those whom any party may call if the need arises. If not already provided to all parties, the address and telephone number of each witness shall be disclosed.

    G.    <u>A list of all exhibits</u>.  A list of all exhibits to be offered into evidence which shall be serially numbered and physically marked before trial in accordance with the schedule.  Documents which a party may offer if the need arises shall be separately identified.

    H.    <u>A list of each discovery item and trial deposition</u>.  A list of each discovery item and trial deposition to be offered into evidence. Counsel shall designate by page portion of deposition testimony and by number the interrogatories/request for admissions which shall be offered into evidence.

    I.    <u>Estimated trial time and scheduling issues</u>.  A statement of: (i) the estimated time which the trial will require; and (2) any issues that should be considered in setting a trial date (<u>e.g.</u> witnesses traveling from out-of-state who will need notice of the trial date to make their travel plans).

    J.    <u>Certification</u>.  A certification that the parties have attempted good faith settlement discussions without success.

8.    A mandatory pretrial/settlement conference shall be held on **June 9, 2021, at 11:30 a.m.**, in **Bankruptcy Courtroom No. 2, Robert N.C. Nix Federal Building & Courthouse, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania.**

9.    If the adversary proceeding is not resolved prior to the conclusion of the final pretrial/settlement conferences, the adversary proceeding shall be set down for trial at the Court's first available trial date.  The trial may be continued only in exceptional circumstances on motion to and leave of Court.

10.    Seven (7) or more days prior to the date of the trial, each party is required to provide: (i) a copy of exhibits to the opposing parties; and (ii) two copies of exhibits to

4

chambers.

11. The Court may require each party to file (and, if not directed by the Court, each party may choose to file), five (5) days prior to the date of the trial, a pretrial memorandum with service on the opposing party and a courtesy copy delivered to chambers.

_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Irwin L. Trauss, Esquire
Philadelphia Legal Services
718 Arch Street, Suite 300 N
Philadelphia, PA 19106

Rebecca A. Solarz, Esquire
KML Law Group, P.C.
BNY Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532